1420/23-8212.NY/sh

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| AMY HADLEY, | ) | |
|         PLAINTIFF, | ) | |
| | ) | |
| V. | ) | CAUSE NO. 3:24-CV-29-DRL-MGG |
| | ) | |
| THE CITY OF SOUTH BEND, *ET AL.*, | ) | |
|         DEFENDANTS. | ) | |

**MEMORANDUM IN SUPPORT OF CITY OF SOUTH BEND AND**
**SOUTH BEND POLICE DEPARTMENT'S MOTION TO DISMISS**

Defendants CITY OF SOUTH BEND and SOUTH BEND POLICE DEPARTMENT, by and through

their attorneys MATTHEW S. CLARK and JOSEPH W. SMITH of KNIGHT, HOPPE, KURNIK &

KNIGHT, LTD., provide the following memorandum of law in support of their Motion to Dismiss:

## I.   INTRODUCTION.

In this action, Plaintiff claims that the City of South Bend and its Police Department have

violated state and federal constitutional protections against takings without just compensation, as

a result of the execution of a search warrant at her home on June 10, 2022.  Plaintiff's claims,

however, have no basis in law.  The Court should therefore dismiss all claims asserted against

the City of South Bend and the South Bend Police Department.

## II.   ALLEGATIONS OF THE COMPLAINT.

Plaintiff's house was misidentified as the location where a fugitive, John Parnell Thomas,

was active on social media.  ECF #5 ¶4, ¶25.  The officers were led to Plaintiff's house by a

mistake in their investigation.  ECF #5 ¶25.  A St. Joseph County officer was tracking a

Facebook account that he believed Thomas was using.  ECF #5 ¶26.  The IP address led them to

Plaintiff's house, but there was an error in the chain of information. ECF #5 ¶26. Plaintiff and her children had no connection to Thomas. ECF #5 ¶27.

Officers surveilled the house on June 9 and 10, 2022, but did not see Thomas. ECF #5 ¶¶28-29. While they were surveilling the house, the officer tracking Thomas's Facebook account believed that he had logged into his Facebook account at Plaintiff's house. ECF #5 ¶29. The officer then applied for and obtained a search warrant to search the house for Thomas. ECF #5 ¶29. Plaintiff does not challenge the validity of the warrant. ECF #5 ¶13.

On June 10, 2022, South Bend and St. Joseph County officers surrounded Plaintiff's house and, through a bullhorn, ordered anyone inside the house to exit. ECF #5 ¶4, ¶24, ¶30. Plaintiff's son Noah, who was the only person inside the house at the time, exited the house as ordered. ECF #5 ¶¶30-31. Officers continued to direct orders at the house through a bullhorn, but no one was inside the house. ECF #5 ¶¶34-35, ¶40. Officers launched upwards of 30 tear gas canisters into Plaintiff's house. ECF #5 ¶¶40-41.

Officers then entered and searched Plaintiff's house. ECF #5 ¶42. Extensive damage was done to the house. ECF #5 ¶7. Thomas was not found. ECF #5 ¶44.

Plaintiff and her children were unable to return to the house for several days because of the tear gas. ECF #5 ¶54. Plaintiff spent many days cleaning the house. ECF #5 ¶56.

## III.    ARGUMENT.

The standards for ruling on a motion to dismiss under Rule 12(b)(6) are well-established. In order to survive a motion to dismiss for failure to state a claim, the factual allegations of the complaint must "'state a claim to relief that is plausible on its face.'" *Bell Atlantic Corp v. Twombly* 550 U.S. 544, 570 (2007). "In reviewing the sufficiency of a complaint under the plausibility standard…, we accept the well-pleaded facts in the complaint as true, but legal

conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). A claim is facially plausible if the well-pled allegations of the complaint create a "reasonable inference that the defendant is liable for the misconduct alleged," *id.*, and "must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555.

### A.    PLAINTIFF'S SECTION 1983 TAKINGS CLAIM FAILS (COUNT 3).

Plaintiff claims that the City of South Bend deprived her of her Fifth Amendment right to just compensation when it searched and damaged her house.  However, the allegations of the Complaint do not implicate the Fifth Amendment, and Plaintiff pleads no facts plausibly suggesting that a policy or widespread practice of the City of South Bend was the moving force behind a deprivation of Plaintiff's Fifth Amendment rights.  Plaintiff's Fifth Amendment claim fails.

#### 1.    PLAINTIFF HAS NOT SUFFERED A TAKING UNDER THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

The execution of a search warrant does not implicate the Takings Clause of the Fifth Amendment.  These Defendants adopt the arguments of the St. Joseph County Defendants on this issue, *see* ECF #10 at 4, and offer the following in addition thereto.

The Seventh Circuit's opinion in *Johnson v. Manitowoc County* is directly on-point and binding.  In *Johnson*, the plaintiff claimed that law enforcement officers deprived him of his Fifth Amendment rights by retaining certain items as evidence, removing carpet and wall paneling, cutting a up a couch, and jackhammering the concrete floor of the garage when executing a search warrant at a property that he owned.  635 F.3d 331, 333 (7th Cir. 2011).[1]  The

---

[1] The officers were searching for evidence in the disappearance of Teresa Halbach, *id.* at 332, the crime detailed in the docuseries *Making a Murderer*.  The *Johnson* plaintiff had rented the property to Steven Avery.  *Id.*

entire concrete floor had to be replaced as a result of the execution of the search warrant. *Id.* As in this case, the *Johnson* plaintiff did not challenge the lawfulness of the search warrant. *Id.* The Court of Appeals held, in no uncertain terms, that the Takings Clause does not apply to the actions of law enforcement officers "taken under the state's police power." *Id.* at 336.

The *Johnson* holding applies with equal force here. Indeed, *Johnson* is indistinguishable from the allegations contained in Plaintiff's Complaint. The Court should therefore dismiss Count 3.

### 2. PLAINTIFF HAS NOT ALLEGED A *MONELL* POLICY OR PRACTICE.

It is axiomatic that there is no *respondeat superior* liability under Section 1983. *See Monell v. Dept. of Social Servs. of City of New York*, 463 U.S. 658, 694-95 (1978). In order to succeed on a Section 1983 claim against a municipal entity, a plaintiff must prove (1) that they suffered a constitutional injury and (2) that a municipal policy or custom was the "moving force" behind the constitutional violation. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 819 (1985); *Thompson v. Boggs*, 33 F.3d 847, 859 (7th Cir. 1994). A municipal policy or custom can be shown to be the moving force behind a constitutional violation in any one of three ways:

> (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority.

*Abbott v. Vill. of Winthrop Harbor*, 205 F.3d 976, 981 (7th Cir. 2000). Where liability is based on inadequate or *de facto* policies, "rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee." *Bd. of County Com'rs of Bryan County v. Brown*, 520 U.S. 397, 405 (1997); *see also Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017). Additionally, there can be no *Monell* liability

- 4 -

where the plaintiff did not suffer a deprivation of his constitutional rights by an agent of the governmental entity. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

As discussed above, no South Bend police officer deprived Plaintiff of her constitutional rights, so there can be no Section 1983 liability for South Bend.

Additionally, when asserting a Section 1983 claim against a governmental entity, the plaintiff must satisfy Rule 8 by pleading facts from which it could reasonably be inferred that the governmental entity is liable for the alleged misconduct of its officers. *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017); *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985). Allowing a Section 1983 claim against a governmental entity to proceed in the absence of factual allegations of municipal policy or practice would be "tantamount to allowing suit to be filed on a *respondeat superior* basis." *Strauss*, 760 F.2d at 768.

Here, Plaintiff's Complaint contains absolutely no allegations whatsoever suggesting that a policy or widespread practice of the City of South Bend was the moving force behind any alleged constitutional injury. Plaintiff alleges only that South Bend officers deprived her of her constitutional rights, and asserts a claim for damages against South Bend. Thus, Plaintiff asserts only *respondeat superior* liability. Plaintiff's Section 1983 claim against South Bend cannot proceed for this reason, as well, and the Court should dismiss Count 3.

**B.     PLAINTIFF'S STATE-LAW CLAIMS FAIL (COUNTS 1 AND 2).**

Plaintiff also asserts claims arising under Indiana law. Although the Court has discretion to relinquish jurisdiction over and remand the state-law claims upon dismissing the federal claims, South Bend requests the Court dismiss the state-law claims, as well. The Court is within its discretion to dispose of Plaintiff's state-law claims because these claims do not present any novel or unsettled questions of state law, the appropriate disposition of the claims is crystal clear, and it is otherwise efficient to dispose of them. *Franklin v. Manek*, 2004 WL 1629544, *11

- 5 -

(S.D. Ind., June 8, 2004) (collecting cases). "If … an interpretation of state law that knocks out the plaintiff's state claim is obviously correct, the federal judge should put the plaintiff out of his misery then and there, rather than burdening the state courts with a frivolous case." *Van Harken v. City of Chicago*, 103 F.3d 1346, 1354 (7th Cir. 1997). As discussed below, the appropriate disposition of Plaintiff's state-law claims is clear, so the interests of comity weigh in favor of disposing of those claims now, rather than sending them back to the state court.

1. **PLAINTIFF HAS NOT SUFFERED A TAKING OF HER PROPERTY UNDER IC 32-24-1-16 (COUNT 1).**

Plaintiff asserts a claim under Indiana's inverse condemnation statute, IC 32-24-1-16. The allegations of the Complaint do not implicate the inverse condemnation statute. The South Bend Defendants adopt the arguments of the St. Joseph County Defendants on this issue, *see* ECF #10 at 4-5, and offer the following additional comments.

In addition to the authority cited by the St. Joseph County Defendants, the Indiana Court of Appeals explicitly held in *Foreman v. State ex rel. Department of Natural Resources* that the prohibition in the Indiana Constitution against taking property without just compensation "applies only to the taking of private property under the power of eminent domain." 387 N.E.2d 455, 461 (Ind. Ct. App. 1979).

Moreover, in *Indiana State Police v. May*, the Indiana Court of Appeals summarily disposed of a claim that is identical to Plaintiff's. In *May*, the plaintiffs sued the Indiana State Police for damages caused to their home during an ISP SWAT Team action. 469 N.E.2d 1183, 1183 (Ind. Ct. App. 1984).[2] In reversing the judgment in favor of the homeowners, the Court of Appeals held that the plaintiffs' argument "that the acts of the police amount to a taking is without merit. This conduct is in the nature of a tort." *Id.* at 1184.

---

[2] Unlike this case, the *May* facts involved a hostage situation, but that distinction is immaterial.

Other states have relied on the *May* opinion when interpreting their own constitutional prohibitions on uncompensated takings. In *Customer Co. v. City of Sacramento*, the California Supreme Court cited *May* in support of its observation that "nearly every other court to consider this question has held that constitutional just-compensation principles do not apply to damages caused by law enforcement officers in the course of performing their duties." 10 Cal. 4th 368, 388 (Cal. 1995). The Iowa Supreme Court and Oklahoma Supreme Court similarly cited *May* when holding that damage incurred in the exercise of police power is not a taking under their respective constitutions. *See Kelley v. Story County Sheriff*, 611 N.W.2d 475, 482-83 (Iowa 2000); *Sullivant v. City of Oklahoma City*, 940 P.2d 220, 227 (Okla. 1997).

Indiana law is clear that Plaintiff's allegations do not implicate the inverse condemnation statute. The Court should therefore dismiss Count 1 of the Complaint.

### 2. PLAINTIFF HAS NOT SUFFERED A TAKING OF HER SERVICES UNDER THE INDIANA CONSTITUTION (COUNT 2).

Article I, Section 21 of the Indiana Constitution provides, in relevant part, that "[n]o person's particular services shall be demanded, without just compensation…." Plaintiff's "particular services" have not been demanded. Count 2 therefore fails.

This constitutional provision is not implicated simply because governmental action imposes a burden on someone. This has been the rule in Indiana since before the Civil War. *See Israel v. State*, 8 Ind. 467, 468 (1856) (holding that "the services of witnesses in criminal cases are not particular, but are of the class of general services which every man in community is bound to render for the general, as well as his own individual good").

More recently, the Indiana Supreme Court reviewed the history of the "particular services" provision when holding that it did not apply to services performed by patients in a mental health facility. *Bayh v. Sonnenburg*, 573 N.E.2d 398, 411-17 (Ind. 1991). The services

performed by the patients, which included cooking and cleaning, were general services for their own benefit, so they were not "particular services" under the Indiana Constitution, even though the patients worked essentially full-time jobs in the facility without compensation. *Id.* at 415-17. The services for which Plaintiff claims compensation is required were general services for her own benefit, and this constitutional provision is therefore not implicated.

By contrast, this provision has been found to apply in situations like a court ordering an attorney to provide uncompensated legal services for an indigent criminal defendant or doctors being required to give uncompensated expert medical testimony at trial. *See Buchman v. State*, 59 Ind. 1 (1877) (doctor); *Blythe v. State*, 4 Ind. 525 (1853) (attorney).

Plaintiff's allegations contain nothing like *Blythe* or *Buchman*. Her allegations are more like, but far less substantial than, the allegations in *Bayh*. The allegations of the Complaint do not implicate Article I, Section 21 of the Indiana Constitution. The Court should therefore dismiss Count 2.

### 3.   THERE IS NO IMPLIED RIGHT OF ACTION UNDER THE INDIANA CONSTITUTION (COUNTS 1 AND 2).

Plaintiff's claims under the Indiana Constitution suffer a fundamental flaw—there is no implied right of action for damages under the Indiana Constitution. Indiana law could not be clearer on this point. *See Cantrell v. Morris*, 849 N.E.2d 488, 507 (Ind. 2006) ("The [Indiana] Constitution does not mandate any specific remedy for violations…."); *McIntire v. Franklin Tp. Comm. Sch. Corp.*, 15 N.E.3d 131, 137 (Ind. Ct. App. 2018) ("there is no right of action for monetary damages under the Indiana Constitution"); *Hoagland v. Franklin Tp. Comm. Sch. Corp.*, 10 N.E.3d 1034, 1040 (Ind. Ct. App. 2014) ("There is no express or implied right of action for monetary damages under the Indiana Constitution."), *summarily aff'd in relevant part*, 27 N.E.3d 737 (Ind. 2015); *Smith v. Ind. Dept. of Corr.*, 871 N.E.2d 975, 986 (Ind. Ct. App.

2007) ("there is no express or implied right of action for monetary damages under the Indiana Constitution").  The Court should therefore dismiss Counts 1 and 2.

### 4. SOUTH BEND IS ENTITLED TO LAW ENFORCEMENT IMMUNITY (COUNTS 1 AND 2).

South Bend is immune from Plaintiff's state-law claims under the Indiana Tort Claims Act immunity for the enforcement of law, IC 34-13-3-3(a)(8).

ITCA law enforcement immunity applies to "those activities in which a governmental entity or its employees compel or attempt to compel the obedience of another to laws … or sanction or attempt to sanction a violation thereof." *Mullin v. Municipal City of South Bend*, 639 N.E.2d 278 (Ind. 1994).

The Indiana Court of Appeals has recognized that efforts to apprehend a wanted suspect fall within the ambit of ITCA law enforcement immunity. *See O'Bannon v. City of Anderson*, 733 N.E.2d 1, 3 (Ind. Ct. App. 2000).  The facts of *O'Bannon* are very similar to the facts alleged by Plaintiff.  In *O'Bannon*, police pursued a wanted and dangerous suspect, who fled into the plaintiff's house.  *Id.* at 1-2.  The officers fired shots into the plaintiff's house, searched her house, and detained her.  *Id.* at 2.  The Court of Appeals observed the officers "were clearly seeking to enforce a law," and held that, "[b]ecause the officers were enforcing the law, and their actions did not constitute false imprisonment or false arrest, their conduct is immunized." *Id.* at 3.

The result is the same here.  Like in *O'Bannon*, the South Bend officers were seeking to enforce the law in their attempts to apprehend a wanted and dangerous suspect.  The fact that their efforts were unsuccessful is of no moment.  The Indiana General Assembly has determined as a matter of policy that governmental entities should be immune from damages under the circumstances alleged in the Complaint.  The Court should therefore dismiss Counts 1 and 2.

## C.   THE SOUTH BEND POLICE DEPARTMENT IS NOT A SUABLE ENTITY (COUNTS 1, 2, AND 3).

In this action, Plaintiff sues both the City of South Bend and its Police Department. However, the South Bend Police Department is not subject to suit under Indiana law. Plaintiff's claims against the South Bend Police Department should therefore be dismissed.

Indiana law is settled that a municipal police department is not a suable entity. The Seventh Circuit held in *Sow v. Fortville Police Department* that, because state law does not confer on municipal police departments the power to sue or be sued, they are not proper parties in an action brought under Section 1983. 636 F.3d 293, 300 (7th Cir. 2011); *see also Centsless Creations, LLC & Assoc. v. South Bend Police Department*, 3:23-cv-628-DRL-MGG 2024 WL 245021, *2 (N.D. Ind., Jan. 22, 2024) (dismissing claims against the South Bend Police Department, citing *Sow*); *Severson v. Bd. of Tr. of Purdue Univ.*, 777 N.E.2d 1181, 1195 (Ind. Ct. App. 2002) (holding that the Purdue University Police Department was not a "person" under Section 1983).[3] This result applies equally to Plaintiff's Section 1983 claims and to his state-law claims. *See Sow*, 636 F.3d at 300 ("[T]he Indiana statutory scheme does not grant municipal police departments the capacity to sue or be sued."); *City of Peru v. Lewis*, 950 N.E.2d 1, 4 (Ind. Ct. App. 2011) ("The 'department' of a city is merely a vehicle through which government fulfills its policy functions and is not a governmental entity unto itself."); *Severson*, 777 N.E.2d at 1195 (holding that all claims against the Purdue University Police Department, which included claims under Indiana law, were subject to dismissal). The Court should therefore dismiss all claims against the South Bend Police Department.

---

[3] The rule is different for a county sheriff's department, which, under Indiana law, is a separate legal entity from the county. *See Barley v. Blackford County Sheriff's Department*, 1:23-cv-153-HAB-SLC, 2024 WL 983709, *2 (N.D. Ind., March 6, 2024).

IV.    CONCLUSION.

For the above and foregoing reasons, the Court should dismiss all claims asserted against the City of South Bend and the South Bend Police Department.

Respectfully Submitted,

/s/ Joseph W. Smith
Joseph W. Smith

KNIGHT, HOPPE, KURNIK & KNIGHT, LTD.
233 East 84th Drive, Suite 301
Merrillville, IN  46410
219/322-0830; FAX: 219/322-0834
EMAIL: Jsmith@khkklaw.com
Attorneys for CITY OF SOUTH BEND and SOUTH BEND POLICE DEPARTMENT

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of April 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

- Marie L. Miller mmiller@ij.org
- Peter J. Agostino agostino@aaklaw.com
- Stephanie L. Nemeth nemeth@aaklaw.com
- Joseph W. Smith Jsmith@khkklaw.com
- Matthew S. Clark Mclark@khkklaw.com

**MANUAL NOTICE:**
**None.**

/s/ Joseph W. Smith

24-04-05 COSB MTD memo 8212